# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FORESEE RESULTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LODSYS, LLC, <br><br> Defendant. | Civil Action No. 11-CV-3886 <br><br> Judge: <br><br> Magistrate Judge: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ForeSee Results, Inc. ("ForeSee") hereby alleges for its Complaint for Declaratory Judgment against Defendant Lodsys, LLC ("Defendant") on knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that ForeSee does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted patent are invalid.

2. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6. Plaintiff ForeSee is a Michigan corporation having a place of business at 2500 Green Road, Suite 400, Ann Arbor, Michigan 48105.

7. On information and belief, Lodsys is a Texas limited liability company having a place of business at 800 Brazos Street, Suite 400, Austin, Texas 78701.

8. On information and belief, Mark Small is the Chief Executive Officer and sole employee of Lodsys, residing in the greater Chicago, Illinois.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct has put, and continues to put, ForeSee under a reasonable and serious apprehension of imminent suit alleging that use of ForeSee Survey product infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent. As set forth in paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between ForeSee and the Defendant with respect to the infringement, validity and scope of the '908 patent, the '834 patent, the '078 patent and the '565 patent.

11. Upon information and belief, this Court has personal jurisdiction over Lodsys because Lodsys' Chief Executive Officer and sole employee resides in, and conducts business from, this Judicial District.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## ALLEGATIONS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION

13. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-12.

14. Through communications and conduct, Defendant has repeatedly threatened assertion of the '908 patent, the '834 patent, the '078 patent and/or the '565 patent against customers of ForeSee because of their use a ForeSee Survey product.

15. On or about March 4, 2011, Defendant sent a letter to Best Buy Co., Inc. ("Best Buy") alleging that Best Buy "is infringing at least claim 37 of US 5,999,908 as it relates to consumer surveys conducted in connection with visitors view [Best Buy's] website." The March 4, 2011 letter also offered a license to Best Buy under the '908 patent, the '834 patent, the '078 patent and the '565 patent.

16. In addition, Defendant sent Best Buy an "Infringement Claim Chart" in which Defendant alleged that use of the ForeSee Survey product infringed the claims of the '908 patent. A copy of the March 4, 2011 letter and "Infringement Claim Chart" are included in the attached Exhibit E.

17. On or about March 9, 2011, Defendant sent a letter to WE Energies alleging that WE Energies "is infringing at least claim 37 of US 5,999,908 as it relates to consumer surveys conducted in connection with visitors view [WE Energies'] website." The March 9, 2011 letter also offered a license to WE Energies under the '908 patent, the '834 patent, the '078 patent and the '565 patent.

18. In addition, Defendant sent WE Energies an "Infringement Claim Chart" in which Defendant alleged that use of the ForeSee Survey product infringed the claims of the '908 patent.

A copy of the March 9, 2011 letter and "Infringement Claim Chart" are included in the attached Exhibit F.

19. On or about April 19, 2011, Defendant sent a letter to Adidas AG ("Adidas"). In the letter, Defendant states "[w]e have reviewed your use of the Lodsys Patents and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents. The images used in the charts are representative only and in addition to the charted claim of the referenced patent, you should consider the remaining claims of that patent and the other Lodsys Patents both respect [sic] to the charted utilization and with respect to other products and services offered by you." The April 19, 2011 letter also included an offer of license under the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

20. In addition to the April 19, 2011 letter, Defendant sent Adidas an "Infringement Claim Chart" in which Defendant alleged that use of the ForeSee Survey product infringed the claims of the '908 patent. A copy of the April 19, 2011 letter and "Infringement Claim Chart" are included in the attached Exhibit G.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '908 patent

21. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-20.

22. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, the Defendant contends that use of the ForeSee Survey product infringes one or more claims of the '908 patent.

23. Accordingly, an actual controversy exists between ForeSee and the Defendant as to whether or not ForeSee has infringed, or is infringing the '908 patent; has contributed to infringement, or is contributing to infringement of the '908 patent; and has induced infringement, or is inducing infringement of the '908 patent.

24. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that by its activities ForeSee has not infringed and is not infringing any valid and enforceable claim of the '908 patent; has not contributed to infringement and is not contributing to infringement of the '908 patent; and/or has not induced infringement and is not inducing infringement of the '908 patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '834 patent

25. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24.

26. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, the Defendant contends that use of the ForeSee Survey product infringes one or more claims of the '834 patent.

27. Accordingly, an actual controversy exists between ForeSee and the Defendant as to whether or not ForeSee has infringed, or is infringing the '834 patent; has contributed to infringement, or is contributing to infringement of the '834 patent; and has induced infringement, or is inducing infringement of the '834 patent.

28. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that by

its activities ForeSee has not infringed and is not infringing any valid and enforceable claim of the '834 patent; has not contributed to infringement and is not contributing to infringement of the '834 patent; and/or has not induced infringement and is not inducing infringement of the '834 patent. Such a determination and declaration is necessary and appropriate at this time.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '078 patent

29. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28.

30. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, that the Defendant contends that use of the ForeSee Survey product infringes one or more claims of the '078 patent.

31. Accordingly, an actual controversy exists between ForeSee and the Defendant as to whether or not ForeSee has infringed, or is infringing the '078 patent; has contributed to infringement, or is contributing to infringement of the '078 patent; and has induced infringement, or is inducing infringement of the '078 patent.

32. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that by its activities ForeSee has not infringed and is not infringing any valid and enforceable claim of the '078 patent; has not contributed to infringement and is not contributing to infringement of the '078 patent; and/or has not induced infringement and is not inducing infringement of the '078 patent. Such a determination and declaration is necessary and appropriate at this time.

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of the '565 patent

33. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-32.

34. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, that the Defendant contends that use of the ForeSee Survey product infringes one or more claims of the '565 patent.

35. Accordingly, an actual controversy exists between ForeSee and the Defendant as to whether or not ForeSee has infringed, or is infringing the '565 patent; has contributed to infringement, or is contributing to infringement of the '565 patent; and has induced infringement, or is inducing infringement of the '565 patent.

36. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that by its activities ForeSee has not infringed and is not infringing any valid and enforceable claim of the '565 patent; has not contributed to infringement and is not contributing to infringement of the '565 patent; and has not induced infringement and is not inducing infringement of the '565 patent. Such a determination and declaration is necessary and appropriate at this time.

## FIFTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '908 patent

37. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-36.

38. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, that the Defendant contends that ForeSee infringes one or more claims of the '908 patent.

39. ForeSee denies that it infringes any valid and enforceable claim of the '908 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

40. Accordingly, an actual controversy exists between ForeSee and the Defendant as to the validity of the '908 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that the '908 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

### SIXTH CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity of the '834 patent**

41. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-40.

42. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, that the Defendant contends that ForeSee infringes one or more claims of the '834 patent.

43. ForeSee denies that it infringes any valid and enforceable claim of the '834 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming

that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

44. Accordingly, an actual controversy exists between ForeSee and the Defendant as to the validity of the '834 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that the '834 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

### SEVENTH CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity of the '078 patent**

45. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-44.

46. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, that the Defendant contends that ForeSee infringes one or more claims of the '078 patent.

47. ForeSee denies that it infringes any valid and enforceable claim of the '078 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

48. Accordingly, an actual controversy exists between ForeSee and the Defendant as to the validity of the '078 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a

judgment, that the '078 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## EIGHTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '565 patent

49. ForeSee realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-48.

50. Based on the above-stated conduct, ForeSee is informed and believes, and on that basis avers, that the Defendant contends that ForeSee infringes one or more claims of the '565 patent.

51. ForeSee denies that it infringes any valid and enforceable claim of the '565 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

52. Accordingly, an actual controversy exists between ForeSee and the Defendant as to the validity of the '565 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ForeSee is entitled to a declaration, in the form of a judgment, that the '565 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ForeSee prays for a judgment as follows:

1. For a declaration that its products do not infringe any valid claim of the '908 patent;

2. For a declaration that assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

3. For a declaration that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

4. For a declaration that its products do not infringe any valid claim of the '834 patent;

5. For a declaration that assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

6. For a declaration that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

7. For a declaration that its products do not infringe any valid claim of the '078 patent;

8. For a declaration that assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

9. For a declaration that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

10. For a declaration that its products do not infringe any valid claim of the '565 patent;

11. For a declaration that assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

12. For a declaration that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

13. For a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

> a. from making any claims to any person or entity that any product of ForeSee infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;
>
> b. from interfering with, or threatening to interfere with the manufacture, sale, or use of any ForeSee's products by ForeSee, its customers, distributors, predecessors, successors or assigns; and
>
> c. from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of ForeSee, its customers, distributors, predecessors, successors or assigns, to make, use or sell products which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

14. For an award to ForeSee of its reasonable attorneys' fees and costs of suit incurred herein; and

15. For such other and further relief as the Court may deem proper

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

FORESEE, INC.

Dated June 6, 2011                                By: s/Brent A. Hawkins _____
                                                      Brent A. Hawkins
*Of Counsel:*                                         Brett E. Bachtell
Michael E. Shanahan                                   MCDERMOTT WILL & EMERY, LLP
MCDERMOTT WILL & EMERY, LLP                           227 West Monroe Street
340 Madison Avenue                                    Chicago, Illinois 60606-5096
New York, NY 10173
Telephone: (212) 547-5400                             *Attorneys for Plaintiff ForeSee, Inc.*
Facsimile: (212) 547-5444

DM_US 28894704-2.084203.0033