# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3886 | **DATE** | 10/4/2011 |
| **CASE TITLE** | Foresee Results, Inc., LLC vs. Lodsys, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies without prejudice the parties' stipulated motion for entry of protective order [39].

■ [ For further details see text below.]                                                                  Docketing to mail notices.

## STATEMENT

     "As a general proposition, pretrial discovery must take place in . . . public unless compelling reasons exist for denying the public access to the proceedings." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (quotation and alterations omitted); *see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (stating that "the public at large . . . has an interest in what goes on at all stages of a judicial proceeding"). The public's interest in the discovery process "does not always trump the property and privacy interests of the litigants, but [its interest] can be overridden" only if there is good cause for doing so. *Citizens First Nat'l*, 178 F.3d at 945. "Good cause" for a protective order is "a sound basis or legitimate need to take judicial action." *Hobley v. Chi. Police Commander Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004).

     The parties ask the Court to shield from disclosure any person's "Confidential" information, defined as:

     current or future business or technical trade secrets . . . the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court; proprietary and competitive business information; personal information, where disclosure of that information would violate a Person's privacy, including but not limited to, any such information contained in insurance files or employee personnel files; and financial information (including but not limited to tax returns, financial statements, banking records, and electronic data containing financial information),

and "Highly Confidential" information, defined as:

     current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's

11C3886 Foresee Results, Inc., LLC vs. Lodsys, LLC                                                                                                         Page 1 of 2

Case 2:11-cv-01092-LA   Filed 10/04/11   Page 1 of 2   Document 41

| STATEMENT |
|---|

competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court; "Highly Confidential" information also includes all or any part of any Confidential information the disclosure of which to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(Proposed Order ¶ 1(b), (c).) Given the privacy and security interests implicated by the disclosure of individual medical and financial records and bona fide trade secrets, there is good cause for protecting such information from disclosure. *See* Fed. R. Civ. P. 26(c)(1); *see also* 42 U.S.C. § 1320d-5 (prohibiting health care providers from disclosing medical information without a patient's consent); 205 Ill. Comp. Stat 5/48.1 (prohibiting banks from disclosing financial information without a customer's consent). But the parties do not identify the universe of information deemed to be "Confidential," "Highly Confidential," "proprietary and competitive," "personal" or "financial" or that is contained in "insurance" and "personnel files." Thus, they have not shown good cause for entering a protective order.

The proposed order has other problems as well. First, it does not state that members of the public may challenge a confidentiality designation. *See Citizens*, 178 F.3d at 946. Second, it does not set forth the proper procedure for filing briefs or pleadings containing confidential information, *i.e.*, that the entire document is not filed under seal but is filed by submitting a redacted copy to the Clerk of the Court for the public record, filing the original, unredacted document under seal, and delivering a copy of the original, unredacted document to chambers. Third, the order does not reflect the Court's adherence to Local Rule 26.2(g).

For all of these reasons, the Court denies without prejudice the parties' stipulated motion for entry of a protective order.

11C3886 Foresee Results, Inc., LLC vs. Lodsys, LLC                                              Page 2 of 2

Case 2:11-cv-01092-LA   Filed 10/04/11   Page 2 of 2   Document 41